Case 1:06-cr-20121-PCH   Document 59   Entered on FLSD Docket 06/01/2006   Page 1 of 3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20121-CR-HUCK

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ALBERTO CORTES,      DEFENDANT CORTES' SENTENCING MEMORANDUM
    Defendant.

Defendant Alberto Cortes ("CORTES"), by and through undersigned court-appointed counsel, files this sentencing memorandum in support of CORTES' objections to the Presentence Investigation Report ("PSI") and as to his position on sentencing factors, as follows:

1. On May 10, 2006, CORTES filed objections to the PSI. Among those objections, CORTES respectfully requested the Court impose a sentence less severe than the imprisonment range suggested under the advisory Guidelines.[1] If CORTES is afforded a two-level decrease for safety valve, his Total Offense Level ("TOL") will be 33, Criminal History Category I, and an advisory Guidelines imprisonment range of 135-168 months. That still is an extremely harsh sentence and one not necessary to vindicate the Government's interests in this case taking into consideration all of the factors enumerated under 18 U.S.C. §3553(a).

---

[1] On May 31, 2006, the undersigned spoke with Mercedes T. Sullivan, the United States Probation Officer assigned to this case. Ms. Sullivan advised she is completing an addendum to the PSI wherein CORTES would be afforded a three-level reduction for timely acceptance of responsibility. Ms. Sullivan is waiting to hear back from the Plaintiff United States of America ("Government") regarding applicability of the "safety valve" for an additional two-level reduction to the Total Offense Level ("TOL").

1

2. It respectfully is submitted CORTES should be afforded a two-level decrease under the "safety valve" provision as provided for in USSG §5C1.2 and 18 U.S.C. §3553(f). Although §1903(j) is not one of the offenses specifically set forth in 18 U.S.C. §3553(f), offenses under Section 960 of the Title 21 of the United States Code are listed. Section 1903(j) of Title 46 requires that offenses under that statute be punished in accordance with Section 960 of Title 21. In United States v. Olave-Valencia, 371 F. Supp.2d 1244, 1229-31 (S.D. Cal. 2005), those persons convicted under Section 1903(j) of Title 46 do fall within the purview of the safety valve provision and should benefit from its application.[2]

3. CORTES respectfully requests the Court exercise its discretion, as authorized in United States v. Booker, 543 U.S. 220 (2006), and impose a sentence which is less severe than that set forth in an advisory Guidelines calculation. This principle has been implemented in the Eleventh Circuit in such reported decisions as United States v. Williams, 435 F.3d 1350 (11th Cir. 2006). In Williams, the Eleventh Circuit upheld a sentence of imprisonment of 90 months where the advisory Guidelines indicated an imprisonment range of 188-210 months. The Williams Court noted the district court's reasoning took into account the factors set forth in 18 U.S.C. §3553(a) to fashion a reasonable sentence. In Williams, the Court rejected a "mechanistic application" of the advisory Guidelines and instead focused on whether the advisory imprisonment range was greater than necessary to punish the defendant.

4. In the instant case, CORTES respectfully requests this Honorable Court also follow the prescription in Williams, and fashion a sentence of imprisonment tailored to vindicate the

---

[2] CORTES was unable to find any other reported decision on this issue.

2

Government's interests but at the same time not imposing a term of incarceration greater than necessary to fulfill the objectives of 18 U.S.C. §3553(a).  Accordingly, a term of imprisonment in the range of 78-97 months would be a reasonable sentence which would punish CORTES significantly while not subjecting him to incarceration greater than necessary to punish his conduct in this cause.[3]

                              Respectfully submitted,

                              __ / s /_____
                              Martin A. Feigenbaum
                              Florida Bar No. 705144
                              150 West Flagler Street
                              Museum Tower 1565
                              Miami, FL 33130
                              Tel: (305) 372-0946

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail this 1st day of June, 2006 to: Karen Gilbert, AUSA, U.S. Attorney's Office, 99 N.E. 4th Street, Miami, FL 33132 (fax 305-536-7213); and Mercedes T. Sullivan, USPO, U.S. Probation Office, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132 (fax 305-523-5496).

                              __ / s /_____

---

[3] CORTES has zero criminal history points and is in Criminal History Category I.